IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES DONELSON,<br><br>               Plaintiff,<br><br>vs.<br><br>INDEPENDENT STAVE MILL,<br><br>               Defendant. | 8:21CV199<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a current resident of Nebraska, sues his former employer, which is located in Lebanon, Missouri, for race discrimination. While not entirely clear, it appears that Plaintiff was laid off from his job in Missouri and was not "hired back on through the Job," even though his employer "was hiring they were pushing my app, Back, and hiring whites only." (Filing 1 at CM/ECF p. 4.) Plaintiff seeks damages for two years of lost wages, loss of his home, and expenses for having to relocate to Nebraska. (*Id*.) Plaintiff appears to bring his race-discrimination claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Potential Improper Venue**

As an initial matter, Plaintiff has not alleged facts establishing that he meets the special venue requirements for Title VII cases under 42 U.S.C. § 2000e-5(f)(3), which states that a Title VII action

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

2

Plaintiff's Complaint does not indicate that the alleged unlawful employment practice occurred in Nebraska, that his relevant employment records are maintained and administered here, that Plaintiff would have worked in Nebraska but for the alleged unlawful employment practice, or that his former Missouri employer has any presence here. Therefore, Plaintiff has not alleged that venue is proper in this court, as opposed to the United States District Court for the Western District of Missouri. *Mack v. Elite Staffing*, No. 4:18CV697RLW, 2018 WL 5780944, at *1 (E.D. Mo. Nov. 2, 2018) (Title VII case was proper where the unlawful employment practice occurred, where plaintiff's employment records were located, where termination occurred, and where plaintiff would have continued to work but for her termination); *Knowles v. Cohen, McNeile & Pappas P.C.*, No. 4:11-CV-00657, 2011 WL 5574962, at *1 (W.D. Mo. Nov. 16, 2011) (same).

Accordingly, the court will require Plaintiff to file an amended complaint within 30 days of the date of this order alleging facts indicating that venue is appropriate in the District of Nebraska. Failure to comply with this order will result in dismissal of this case without prejudice and without further notice. *See Stevens v. Orca Communications*, No. 4:19CV895, 2019 WL 4169210, at *2 (E.D. Mo. Sept. 3, 2019) (pro se plaintiff bringing Title VII action required to show cause why venue was appropriate pursuant to 42 U.S.C. § 2000e-5(f)(3)).

**B. Exhaustion of Administrative Remedies**

Before bringing suit in federal district court, Title VII requires a plaintiff to exhaust his administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or an equivalent state agency. The EEOC/state agency will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/state agency determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his

charge. 42 U.S.C. § 2000e-5(f)(1) (Title VII); *see also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1847 (2019) (describing procedure). The civil complaint may only encompass issues that are like or reasonably related to the substance of the charges timely brought before the EEOC/state agency. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018); *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006).

Here, Plaintiff has not filed a copy of his right-to-sue notice nor has he set forth the date on which he received a right-to-sue notice from the EEOC and/or equivalent state agency with respect to his charge of race discrimination. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of his right-to-sue notice with the court. In the alternative, Plaintiff may amend his complaint to allege whether he exhausted his administrative remedies with the EEOC/state agency and, if so, the date on which he received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances warrant tolling of the 90-day period.

## IV. CONCLUSION

Plaintiff's Complaint fails to allege facts establishing that venue is proper in this court, as opposed to the United States District Court for the Western District of Missouri, where Defendant is alleged to be located. Further, Plaintiff does not allege that he exhausted his administrative remedies before filing suit in federal court, as required by Title VII. The court will give Plaintiff leave to file an amended complaint to remedy these defects if truthful facts exist to do so.

IT IS THEREFORE ORDERED that:

4

1. Plaintiff is granted 30 days from the date of this Memorandum and Order to file an amended complaint to: (a) allege facts establishing that venue is proper in this court, as opposed to the United States District Court for the Western District of Missouri, where Defendant is alleged to be located; and (b) allege that he exhausted his administrative remedies before filing suit in federal court, as required by Title VII. To accomplish (a), Plaintiff should allege truthful facts indicating that the alleged unlawful employment practice occurred in Nebraska, Plaintiff's relevant employment records are maintained and administered in Nebraska, Plaintiff would have worked in Nebraska but for the alleged unlawful employment practice, and that Defendant maintains its principal office in Nebraska. To accomplish (b), Plaintiff must file a copy of any right-to-sue notice received from the EEOC/equivalent state agency or allege that he has exhausted his administrative remedies with the EEOC/equivalent state agency and the date on which he received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, Plaintiff must allege facts showing that equitable or exceptional circumstances warrant tolling of the 90-day period.

2. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

3. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: October 11, 2021—amended complaint due.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 10th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge